IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YEHUDA KRUPEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01551 |
| | ) | |
| UNITED AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, YEHUDA KRUPEL ("Plaintiff" or "Krupel"), by and through his attorneys, CARY J. WINTROUB & ASSOCIATES, and for his Complaint against Defendant, UNITED AIRLINES, INC. ("Defendant" or "United"), states as follows:

### INTRODUCTION

1.  This action arises from Defendant, United Airlines, Inc.'s negligent and unlawful mistreatment of Plaintiff, Yehuda Krupel, a disabled amputee and combat-injured veteran, during international air travel from Tel Aviv, Israel to Chicago, Illinois.

2.  During embarkation for an international flight, United stripped Plaintiff of his medically necessary mobility device, failed to provide required boarding assistance, and forced him to ambulate unsafely, thereby causing Plaintiff bodily injury, physical pain, and aggravation of pre-existing medical conditions.

3.  United's conduct occurred during international carriage by air and constitutes an unexpected or unusual event external to the passenger – an "accident" within the meaning

1

of Article 17 of the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention").

4.      Plaintiff seeks recovery for bodily injury sustained during embarkation under the Montreal Convention and pleads related state-law negligent claims arising from the same accident and seeking the same damages, consistent with the Montreal Convention's exclusivity principles.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and the Montreal Convention.

6.      This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in Chicago, Illinois.

## PARTIES

8.      Plaintiff, Yehuda Krupel is an individual residing in the State of Illinois.

9.      Defendant, United Airlines, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a disabled veteran of the Israel Defense Forces who suffered combat-related injuries while serving as a reserve soldier during Operation Protective Edge.

11.     Plaintiff is an amputee and has undergone numerous invasive medical procedures involving his leg, hand, spine, and other areas of his body.

12.    As a result of his amputated leg and hand injuries, Plaintiff requires a medically necessary mobility device to ambulate safely and prevent further injury.

13.    Plaintiff has traveled domestically and internationally with this mobility device on numerous occasions, including United Airlines flights, without incident.

14.    On November 27, 2025, Plaintiff attempted to check in for United Flight UA141 from Tel Aviv, Israel to Chicago, Illinois.

15.    Despite the mobility device having an FAA-approved battery, and despite United's prior approval of the same device on Plaintiff's outbound flight one week earlier, United personnel refused to permit Plaintiff to retain his mobility device for boarding.

16.    United personnel compelled Plaintiff to surrender his mobility device at the check-in counter, far from the aircraft door, and failed to provide required assistance during boarding.

17.    As a direct result, Plaintiff was forced to hop on one leg and intermittently rely on crutches to traverse long distances, despite medical instructions prohibiting such activity.

18.    Plaintiff experienced significant physical pain, bodily injury and aggravation of pre-existing medical conditions as a direct result of United's conduct.

19.    Plaintiff further suffered emotional distress, humiliation, and loss of dignity flowing from and caused by his bodily injuries.

## COUNT I – MONTREAL CONVENTION

### (Article 17 - Bodily Injury During International Carriage)

20.    Plaintiff realleges paragraphs 1–19.

3

21.     Plaintiff's injuries were caused by an unexpected and unusual event external to the passenger occurring during embarkation, constituting an "accident" under Article 17 of the Montreal Convention.

22.     Plaintiff suffered bodily injury, including physical pain and aggravation of pre-existing injuries, during the course of international carriage by air.

23.     The United States Department of Transportation ("DOT") has repeatedly found multiple airlines, to be in violation of federal disability regulations governing the treatment of passengers with disabilities, including failures to provide required wheelchair assistance, improper removal or mishandling of mobility devices, and forcing disabled passengers to ambulate without assistance.

24.     Through DOT enforcement actions, consent orders, and civil penalties within the airlines industry, Defendant had been placed on notice of its non-delegable obligations under 14 C.F.R. Part 382, including the duty to permit disabled passengers to retain mobility devices as close to the aircraft door as possible and to provide assistance during boarding.

25.     Defendant's conduct toward Plaintiff occurred against this backdrop of repeated airlines industry federal enforcement, demonstrating knowledge of the applicable standards, foreseeability of harm, and reckless disregard for Plaintiff's safety.

26.     Defendant is liable for Plaintiff's damages under the Montreal Convention.

## COUNT II – NEGLIGENCE

### (Illinois Common Law – Pleaded in the Alternative)

27.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 26.

4

28.     Defendant owed Plaintiff a duty to exercise reasonable care in assisting a disabled passenger during boarding and embarkation.

29.     Defendant breached that duty by refusing to allow Plaintiff to retain his medically necessary mobility device, failing to provide required assistance, and forcing Plaintiff to ambulate in an unsafe and medically contraindicated manner.

30.     Defendant's breaches directly and proximately caused Plaintiff's bodily injuries and damages.

31.     This claim arises from the same accident alleged under the Montreal Convention and seeks recovery for the same bodily injuries and damages, consistent with the Convention's exclusivity provisions.

## COUNT III – NEGLIGENCE PER SE

### (Violation of Federal Disability Regulations – Pleaded in the Alternative)

32.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 31.

33.     Defendant violated federal disability regulations, including 14 C.F.R. Part 382, which were enacted to protect disabled passengers from precisely the type of harm suffered by Plaintiff.

34.     Defendant's statutory violations constitute negligence per se under Illinois law.

35.     Plaintiff suffered bodily injuries and damages as a direct and proximate result of Defendant's violations.

36.     This claim arises from the same accident alleged under the Montreal Convention and seeks recovery for the same bodily injuries and damages, consistent with the Convention's exclusivity provisions.

## DAMAGES

37.    Plaintiff seeks compensatory damages for bodily injury, physical pain and aggravation of medical conditions, emotional distress resulting from bodily injury, out-of-pocket losses, costs, and all other relief permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, YEHUDA KRUPEL respectfully requests judgment against Defendant, UNITED AIRLINES, INC., awarding compensatory damages, costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Sheldon J. Aberman
One of Plaintiff's Attorneys

Sheldon J. Aberman
ARDC: 6224358
CARY J. WINTROUB & ASSOCIATES
Attorney for Plaintiff
10 South LaSalle Street, Suite 2424
Chicago, Illinois 60603
312-726-1021
sja@cjwlaw.com